CANNELLA, Judge.
Plaintiff, Donald Barilleaux, appeals from a judgment in favor of his former wife, defendant, Andrea Cruz Kondylis, awarding past due child support in the amount of $9,943.00 and increasing his monthly child support obligation to $377 per month. For the reasons which follow, we amend the judgment regarding the ar-rearage and affirm as amended, vacate the judgment regarding monthly child support payments, and remand for further proceedings.
The parties were married on August 30, 1975 and one child, Monica, was born on January. 4, 1977. They were divorced by judgment dated April 24, 1979 and defendant was awarded custody of the minor child, with plaintiff ordered to pay child support in the amount of $35 per week. Thereafter, defendant remarried and moved to Greece. She returned from Greece in September, 1988 with Monica and two younger children, born of her current marriage. Defendant sought and received Aid to Families with Dependent Children. The payee of the support payments was changed to the Department of Social Services.
On September 27, 1991, defendant filed a Rule for Support Arrearage, Contempt and Attorney Fees, Rule to Increase Support against plaintiff. It was heard and a judgment was rendered on December 18, 1991. The court set the past due child support at $9,943, increased the award of monthly child support to $377, awarded defendant attorneys fees of $500 and set an arrearage purge-date of January 31, 1992.
The trial court heard that defendant earned $140 per week (gross), paid $30 per week child care and that plaintiff earned $1700 per month (gross). Plaintiff testified that he pays $400 per month in out of state child support for other children. The trial court held that plaintiff was in arrears since September 1983, at $35 per week, totalling $14,560. The court gave plaintiff credit for the following payments: $300 in 1988, $895 in 1990, $877.50 between July, 1988 and November, 1988, $1,354 during the 9 months in which he had physical *277 custody of his daughter and $1950 paid to the Department of Social Services. The total credits are $5376.50.
Plaintiff contends that there is a mathematical error in the computation of the arrearage. Defendant acknowledges the trial court’s error and concedes the point in her brief herein. Therefore, we amend the judgment to make the amount of arrearage $9,183.
Plaintiff argues in his brief that the trial court erred in finding him in contempt in his payment of child support. However, as pointed out by defendant, the trial court did not hold him in contempt in the judgment nor in the oral reasons for judgment. Thus, this issue is moot.
Finally, plaintiff argues that the trial court erred in increasing his child support payments to $377 per month. He contends that he has a gross monthly salary of $1,700 and is paying out of state child support of $400 per month. He argues that under the child support guidelines (La. R.S. 9:315 et seq.), he should get credit for the $400 payment and, thus, the proper amount should be between $208 and $273 per month.
Defendant argues that plaintiff has failed to include the amount Mrs. Kondylis must spend for child care to enable her to work ($30 per week). When that figure is included, the amount the court set is correct. We disagree. The child support award of $377 per month is not in compliance with the Child Support Guidelines and the trial judge did not state reasons for the deviation.
In 1989, the Legislature enacted “Guidelines For Determination of Child Support”, designated as La.R.S. 9:315-315.-15. Under these the court is to follow a certain procedure and schedule to arrive at the child support obligation, unless to do so is contrary to the best interest of the child. When the guidelines are followed, the support judgment is presumed to be proper. La.R.S. 9:315.1.
Under the guidelines, the court must first combine the amounts of each parties’ adjusted monthly gross income.[1] Each party shall then determine by percentage his or her proportionate share of the combined amount. La.R.S. 9:315.2(C). The court shall determine the basic child support obligation amount from the schedule in R.S. 9:315.14. Each party’s share of the obligation is determined by multiplying his or her percentage share of combined adjusted gross income times the child support obligation. La.R.S. 9:315.8(C).
In this case, defendant’s adjusted monthly gross income of $560 must be added to plaintiff’s adjusted gross income of $1,700[2] to arrive at a combined adjusted monthly income of $2,260. Her proportionate share is 24.8% and his is 75.2%. The total basic support obligation is $369.20 and plaintiff’s proportionate share would be (75.2% X $369.20) $277.64. Additions may be made to the basic obligation to arrive at the total obligation. La.R.S. 9:315.2(E). As applicable to this case, a sum for net child care costs, appropriately proportion between the parties, may be added to the basic support *278 obligation. Defendant testified that she spends $30 per week in child care costs. However, it was not apparent from the record whether this was spent on Monica, who is now 15 years old, or whether it was spent on the children from her current marriage, and thus not applicable. Nevertheless, even if we assume the child care costs were for Monica, plaintiffs share would be $90.24 (75.2% of $120 per month). This would bring his total support obligation to $367.88, still less than that set by the trial court. While the trial court may deviate from the guidelines, oral or written reasons for the deviation must be given La.R.S. 9:315.1(B). No reasons for deviating from the guidelines were given here.
Therefore, we reverse that part of the judgment increasing plaintiffs child support obligation and remand for further proceedings.
For the foregoing reasons, the part of the district court judgment finding plaintiff in arrears in the amount of $9,943 is amended to $9,183, and affirmed, and that part of the judgment increasing the monthly child support obligation to $377 is vacated and the case is remanded for further proceeding in accordance with La.R.S. 9:315-315.15. All other terms of the judgment are affirmed.
AMENDED IN PART AND AFFIRMED AS AMENDED, VACATED IN PART AND REMANDED.

. La.R.S. 9:315(1) provides that "adjusted gross income means gross income, minus amounts for pre-existing child support or spousal support obligations paid to another who is not a party to the proceedings, or on behalf of a child who is not the subject of the action of the court.” Plaintiff contends that he is paying an out of state child support obligation of $400 per month. When he attempted to present this to the court, the court erroneously sustained defendant’s objection to the evidence. Therefore, on remand, plaintiff should be allowed to introduce evidence concerning this other pre-existing child support obligation and, if he can do so, the amount of that payment should be subtracted from his gross income to arrive at his "adjusted gross income.”

. La.R.S. 9:315.2(A) provides:
Each party shall provide to the court a verified income statement showing gross income and adjusted gross income, together with documentation of current and past earnings. Suitable documentation of current earnings shall include but not be limited to pay stubs, employer statements, or receipts and expenses if self-employed. The documentation shall include a copy of the party’s most recent federal tax return. A copy of the statement and documentation shall be provided to the other party.
Accordingly, on remand, in addition to the evidence discussed in footnote 1, the parties should comply with this provision.